```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                         AT ROANOKE, VA
                                                              FILED
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF VIRGINIA            MAR 2 1 2006
                  ROANOKE DIVISION
                                                     JOHN F. CORCORAN, CLERK
                                                     BY:
JOSEPH F. MAXIE,              )                         DEPUTY CLERK
     Plaintiff,               )    Civil Action No. 7:06CV00148
                              )
v.                            )    MEMORANDUM OPINION
                              )
DR. DAVID BARNES,             )    By Hon. Glen E. Conrad
     Defendant.               )    United States District Judge
```

The plaintiff, Joseph F. Maxie, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

Background

The plaintiff is presently incarcerated at Botetourt Correctional Center. The plaintiff raised the same allegations regarding his medical care in a prior civil action against the correctional center's physician, Dr. David Barnes. See Maxie v. Barnes, 7:06CV0005. In that action, the plaintiff alleged that he suffered a knee injury prior to being transferred to Botetourt. As soon as he arrived at Botetourt, he advised correctional officers about the condition of his knee. Two days later, he was taken to the medical department for an examination. Dr. Barnes placed the plaintiff on Naproxen and Prednisone.

On September 24, 2005, the plaintiff was taken to see an orthopedist in Roanoke. X-rays of the plaintiff's knee were inconclusive. Approximately one week later, the plaintiff underwent

---

* Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

an MRI. Based on the results, the plaintiff was diagnosed with a stress fracture. The plaintiff alleged that he was "called to medical to put on some kind of brace with velcro straps and told to use crutches."

The plaintiff wore the brace for one week before his leg was placed in a full cast. The plaintiff alleged that he was supposed to wear the cast for six weeks. However, it was removed after he had only worn the cast for four weeks. The plaintiff indicated that the decision to remove the case was based on an x-ray performed by the orthopedist. He contended that an MRI should have been performed to determine if his knee had fully healed. The plaintiff stated that even though his knee still hurt "from time to time," he was only given Ibuprofen.

The plaintiff alleged that he had been treated "like a dog" by Dr. Barnes. The plaintiff indicated that during follow-up visits, Dr. Barnes directly pressed on his injury. However, the plaintiff acknowledged that this may have been "part of the procedure."

The plaintiff also indicated that he had a skin condition on his hands and that his fingernails were beginning to recede. Although the plaintiff acknowledged that he received a cream for the skin condition, the plaintiff alleged that the cream was not working properly.

Upon reviewing the plaintiff's allegations, the court concluded that the plaintiff failed to state a claim of constitutional magnitude against Dr. Barnes. The court explained that a prison official may violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment, if the official shows a deliberate indifference to the inmate's serious illness or injury. Estelle v. Gamble, 429 U.S. 97, 102 (1976). The court further explained that the test for deliberate indifference involves both an objective and a subjective component. The alleged deprivation must be, objectively, "sufficiently serious," and the prison official must know of and

disregard an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834-837 (1994). Mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986). Moreover, "disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Applying these principles, the court concluded that the plaintiff's allegations failed to state a claim for deliberate indifference against Dr. Barnes. The court noted that the plaintiff allegations, at most, implied negligence, which is not actionable under § 1983.

The plaintiff has now filed a new civil action against Dr. Barnes. The plaintiff's complaint includes four claims: (1) "discrimination"; (2) "verbal abuse"; (3) "medical malpractice"; and (4) "medical negligence."

**Discussion**

1.  Discrimination

To support his discrimination claim, the plaintiff alleges that Dr. Barnes has stated that "inmates that complain about issues to [the] A.C.L.U. should disappear off the face of the earth," and that "inmates are just trying to get over on the medical department by getting cheap treatment." However, such allegations are legally insufficient. To establish a claim for unequal treatment, a prisoner "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Although the plaintiff alleges that Dr. Barnes has made various derogatory remarks, there is no indication

that the plaintiff has been treated differently than any other inmate. Therefore, the court concludes that the plaintiff's discrimination claim must be dismissed.

2. Verbal Abuse

In addition to the aforementioned comments about inmates, the plaintiff alleges that Dr. Barnes has referred to him as a "piece of crap." Although the court does not condone such misconduct, verbal abuse and harassment by prison employees, without more, does not state a constitutional claim. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that an officer's use of an obscene name was not actionable under § 1983); Keyes v. City of Albany, 594 F. Supp. 1147, 1155 (N. D. N.Y. 1984) (holding that "the use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a 1983 claim."). Accordingly, the plaintiff's verbal abuse claim must be dismissed.

3. Medical Malpractice and Medical Negligence

To support his claims for medical malpractice and medical negligence, the plaintiff restates some of the same allegations that were included as part of his prior civil action. As previously explained, claims for medical malpractice and negligence are not actionable under § 1983. See Estelle, 429 U.S. at 105-106, Sosebee, 797 at 181. To the extent that the plaintiff's claims could be construed to allege a state tort action, the court notes that there is no independent basis for the exercise of this court's jurisdiction. Therefore, the plaintiff's claims for medical malpractice and negligence must be dismissed.

## Conclusion

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 20th day of March, 2006.

_____
United States District Judge